**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK J. GREDE**, as Chapter 11 Trustee for Sentinel Management Group, Inc., <br><br> Plaintiff, <br> v. <br><br> **THE BANK OF NEW YORK** and **THE BANK OF NEW YORK MELLON CORP.**, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 08 C 2582 <br><br> Honorable James B. Zagel <br><br> (On withdrawal of reference from the Hon. John H. Squires, Bankr. Adv. Pro. No. 08-127) |

**TRUSTEE'S MOTION TO RECONSIDER WITHDRAWAL OF REFERENCE
IN ITS ENTIRETY, OR IN THE ALTERNATIVE, TO REFER ALL BUT THE
<u>NON-TITLE 11 ISSUES TO THE BANKRUPTCY COURT</u>**

Frederick J. Grede, chapter 11 bankruptcy trustee (the "Trustee") for Sentinel Management Group, Inc. ("Sentinel" or the "Debtor"), hereby files this Motion to Reconsider Withdrawal of Reference in its Entirety, or in the Alternative, to Refer All but the Non-Title 11 Issues to the Bankruptcy Court. In support of that motion, the Trustee submits the accompanying memorandum of law and further states as follows:

1. On May 3, 2008, Defendants The Bank of New York and The Bank of New York Mellon Corp. (collectively, "BONY") moved in the Bankruptcy Court to dismiss the Trustee's adversary complaint and simultaneously filed in the District Court a motion to withdraw the reference of the adversary proceeding to the Bankruptcy Court.

2. At the hearing before this Court on BONY's motion to withdraw the reference, the Court advised the Trustee that it would inform the Trustee if a responsive brief was necessary. The Court did not request, and the Trustee did not file, a response. On June 20, 2008, this Court withdrew the reference of this adversary proceeding in its entirety. While BONY's

motion to withdraw the reference was pending, the Bankruptcy Court denied BONY's motion to dismiss.

3. BONY's motion to withdraw the reference was on different footing than the motion to withdraw the reference of a separate adversary proceeding against McGladrey & Pullen LLP and G. Victor Johnson (the "McGladrey action") that this Court also granted on June 20, 2008.

4. The McGladrey action involves two counts, both of which are non-core counts arising under Illinois law. McGladrey sought withdrawal of the reference primarily based on its jury demand and the fact that both counts are non-core. This Court decided, after a full briefing by the parties, to withdraw the reference of the McGladrey action.

5. In contrast, seven of the eight counts in the Trustee's complaint against BONY are core bankruptcy proceedings. BONY further has raised several bankruptcy defenses, which are the subject of numerous other pending adversary proceedings and contested matters before the Bankruptcy Court. Thus, BONY's motion to withdraw the reference was predicated on purported significant open and unresolved issues concerning the Commodity Exchange Act ("CEA") and the Investment Advisers Act of 1940 ("IAA").

6. BONY's contentions regarding the CEA are a specious attempt to ignore the plain language of the CEA, the 25-year regulatory history by the CFTC, and its own written promises to be bound by the CEA.

7. Finally, there is no cause to withdraw the reference at this time, and there are compelling reasons not to do so. BONY raised the same issues under the CEA in its motion to dismiss, which the Bankruptcy Court denied. The Bankruptcy Court was not required to address

the non-Title 11 issues in its ruling on the motion to dismiss because none of the counts in the Trustee's complaint depends on the interpretation of those statutes.

8. Because this is a case in which the overwhelming preponderance of issues are within the special expertise of the Bankruptcy Court, it should remain in the Bankruptcy Court until the non-Title 11 issues need to be decided, which will presumably be at summary judgment or trial. Meanwhile, the Bankruptcy Court, which has charge of key issues that are common to BONY, other adversary proceedings, and the bankruptcy proceeding itself and has managed discovery, should be allowed to continue presiding over the BONY adversary proceeding. At a minimum, this Court should keep only the issues relating to the CEA and the IAA and refer the rest of the case back to the Bankruptcy Court.

WHEREFORE, the Trustee respectfully requests that the Court reconsider its June 20 Order granting BONY's motion to withdraw the reference in its entirety, or, in the alternative refer all matters to the Bankruptcy Court other than the non-Title 11 issues of federal law raised in BONY's Motion to Withdraw the Reference.

Dated: June 24, 2008

Respectfully submitted,

FREDERICK J. GREDE, not individually
but as Chapter 11 Trustee of Sentinel
Management Group, Inc.


By:  s/ Chris C. Gair
     One of his attorneys

Chris C. Gair (ARDC # 6190781)
Vincent E. Lazar (ARDC # 6204916)
Jeffrey S. Eberhard (ARDC # 6276471)
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL  60611
Phone: (312) 222-9350

**CERTIFICATE OF SERVICE**

I, Jeffrey S. Eberhard, an attorney, certify that on June 24, 2008, I caused the foregoing Motion to Reconsider Withdrawal of Reference in its Entirety, or in the Alternative, to Refer All but the Non-Title 11 Issues to the Bankruptcy Court and the accompanying Memorandum of Law to be served on the following via ECF.

| | |
|---|---|
| Hector Gonzalez | Sean T. Scott |
| Matthew D. Ingber | 71 S. Wacker Drive |
| 1675 Broadway | Chicago, IL 60606 |
| New York, NY 10019 | (312) 782-0600 |
| (212) 506-2500 | stscott@mayerbrown.com |
| hgonzalez@mayerbrown.com | |
| mingber@mayerbrown.com | |

                                                  s/ Jeffrey S. Eberhard