IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, as Chapter 11 Trustee for Sentinel Management Group, Inc., ) ) ) | |
| Plaintiff, ) | Case No. 08 C 2582 |
| v. ) ) | |
| **THE BANK OF NEW YORK** and **THE BANK OF NEW YORK MELLON CORP.**, ) ) ) | Honorable James B. Zagel |
| Defendants. ) ) ) | (On withdrawal of reference from the Hon. John H. Squires, Bankr. Adv. Pro. No. 08-127) |

**REPLY IN SUPPORT OF MOTION TO RECONSIDER**
**WITHDRAWAL OF REFERENCE**

The Trustee has moved this Court to reconsider its June 20 minute entry granting BONY's motion to withdraw the reference, or in the alternative, to refer all but the non-title 11 issues to the Bankruptcy Court. BONY filed a response featuring the following arguments: (1) there is no legal basis for a motion to reconsider; (2) there is a pressing need for the Court to interpret the Commodity Exchange Act ("CEA") and to start over from scratch on the motion to dismiss that has already been decided; (3) withdrawal is appropriate because Judge Squires is supposedly uninterested in the case and too busy to manage discovery; and (4) the technical bankruptcy issues belong in the District Court. None of these arguments undercuts the request to refer this case to the Bankruptcy Court.

First, this is certainly an appropriate case for reconsideration because the motion to withdraw was granted without a response from the Trustee. BONY contends that the arguments in the Trustee's motion for reconsideration "were already, or should have been, presented in opposition to the Withdrawal Motion," but that "[i]nstead of seeking a briefing schedule on this matter, the Trustee made the strategic choice to argue his basis for contesting the Withdrawal

Motion at the May 13, 2008 hearing before this Court." (BONY at 4.) Thus, according to BONY, the Trustee's motion merely rehashes previously rejected arguments. (Id.) BONY's argument is belied by the record.

At the May 13 hearing before this Court, the Trustee's counsel stated, "We can respond in writing, Judge, but I'll tell you what the issue is, if you want to hear it." (Ex. D to BONY Mem. at 2-3.) After the Court responded, "Go ahead," counsel gave a minute-and-a-half synopsis of the Trustee's position (Ex. D at 3), and then spent another minute-and-a-half on rebuttal (Ex. D. at 5-6). This Court then advised the parties, "Okay, let me read the papers and then I'll tell you if I want responses or if I don't." (Ex. D at 7.)

The Court never so advised the parties, and the Trustee did not file a response. Clearly, filing a substantive brief addressing all of the arguments raised in BONY's 15-page withdrawal motion is not a "rehash" because the Trustee's arguments were not "hashed" in the first place. Reconsideration is therefore warranted.

Second, there is no pressing need for resolution of the statutory issues since, in denying BONY's motion to dismiss, the Bankruptcy Court found that it did not even need to address those issues. BONY now offers the remarkable response that it is not "bound by that ruling," which is now "null and void." (BONY at 14.) BONY's argument mischaracterizes both the case law and the posture of the proceedings before the Bankruptcy Court. No statute provides and no case holds that orders and ruling made by a bankruptcy court prior to withdrawal of the reference suddenly become void by virtue of a subsequent withdrawal of the reference. The Bankruptcy Court has ruled on the motion to dismiss, and BONY's insistence on this Court's ruling on it a second time, to address issues unnecessary to the decision in the first place, is a waste of time.

According to BONY, *Patterson v. Williamson*, 153 B.R. 32 (E.D. Va. 1993), and *In re English*, 59 B.R. 460 (Bankr. N.D. Ga. 1985), stand for the proposition that orders entered by bankruptcy courts become null and void if the reference is subsequently withdrawn by the district court. *Patterson* and *English* hold no such thing. In *Patterson*, the bankruptcy court entered discovery orders in a § 1983 civil rights action that the district court <u>on appeal</u> found that the bankruptcy court did not have jurisdiction over. 153 B.R. at 33. The reason those orders became null and void was because at the time the orders were entered "the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding," not because the reference was subsequently withdrawn. *Id.*

*English* is even further off-base. The issue in *English* was which court needed to make the determination of whether a claim was "related to" a bankruptcy proceeding. Bankruptcy Rule 7008 has since been amended to provide a procedure for the bankruptcy court to make that determination. The bankruptcy court in *English* denied as premature a motion to dismiss based on challenges to the bankruptcy court's ability to make findings of fact and conclusions of law with respect to a non-core state law claim, and the district court's ability to review those findings *de novo*, because "the bankruptcy judge ha[d] not yet filed any proposed findings of fact and conclusions of law . . . ." 59 B.R. at 468. The court merely mentioned in dicta that if the district court subsequently withdrew the reference to determine those jurisdictional issues, then the issue would then be ripe and the bankruptcy court's prior order on ripeness would no longer apply. *Id.* at 470.

None of the jurisdictional issues at issue in *Patterson* or *English* is present here. There is no dispute that the Bankruptcy Court had jurisdiction to "hear and determine" and "enter appropriate orders" with respect to the seven "core proceedings" raised in the Trustee's

Complaint. 28 U.S.C. § 157(b). The Bankruptcy Court also had jurisdiction to enter an order denying a motion to dismiss the Trustee's lone non-core claim. See *Maxwell v. Beale* (*In re Beale*), 2008 WL 538913, at *2-3 (N.D. Ill. Feb. 20, 2008). The fact that a motion to withdraw the reference was pending at the time (and was subsequently granted) does not alter that authority. A case proceeds despite the pendency of a motion to withdraw the reference, see Bankruptcy Rule 5011(c); *Nw. Inst. of Psychiatry, Inc. v. The Travelers Indem. Co.* (*In re Nw. Inst. of Psychiatry, Inc.*), 268 B.R. 79 (Bankr. E.D. Pa. 2001), and any orders entered by the bankruptcy court remain in effect notwithstanding the subsequent withdrawal of the reference. See *In re Commercial Fin. Servs., Inc.*, 247 B.R. 828, 843 n. 16 (N.D. Okla. 2000).

BONY also disingenuously contends that the Bankruptcy Court itself "recognized that any ruling he made on the Motion to Dismiss would be moot in the event this Court granted BNY's Withdrawal Motion." (BONY at 15.) Contrary to BONY's assertion, the Bankruptcy Court merely noted that its ruling on BONY's motion to stay consideration of its motion to dismiss (not the motion to dismiss itself) would be moot if this Court withdrew the reference <u>before</u> the motion to dismiss was adjudicated, not that its ruling on the motion to dismiss would be moot if the motion to withdraw was granted <u>after</u> that ruling.

<u>Third</u>, BONY's claims about how Judge Squires has handled discovery, and his supposed lack of interest in the case (BONY at 13-14), blatantly mischaracterize the record. At the outset, Judge Squires did not refuse to enter a scheduling order required by Fed. R. Civ. Pro. 16. What has BONY upset is that he refused to enter the scheduling order that BONY wanted – a scheduling order heavy on micro-managing details, long delays, and no trial date. Contrary to BONY's impression, Rule 16(b) did not require entry of the bloated and self-serving scheduling order it requested. Instead, Judge Squires followed his usual procedure for setting a pretrial

conference. He also, much to BONY's chagrin, stated on at least three different occasions that the case would be tried in 2009 (not some time in the distant future).

Moreover, Judge Squires has forced the resolution of key discovery disputes, including whether the Trustee, a stranger to the Estate, had to waste months or years and millions of dollars making a detailed review of the responsiveness of documents on an electronic database that BONY could search just as well. The problem for BONY, again, is not that Judge Squires would not manage discovery, but that BONY did not like the outcome.

Most absurd is the claim that the case should be withdrawn because Judge Squires "has no particular interest" in it. (BONY at 14.) Judge Squires has said nothing of the kind. Instead, the clear import of his comments was to reassure BONY that he was not offended by BONY's motion to withdraw the reference and that he would continue to be able to sleep at night if this Court decided to withdraw the reference because he has plenty to do. In fact, as BONY well knows, Judge Squires has taken a keen interest in the case, and BONY has simply tried to twist his comments in an effort to portray the proceedings below in a false light.

Fourth, BONY completely ignores the authority providing that technical bankruptcy issues like the ones at issue here should be decided by bankruptcy courts. See *Garrity v. Leffler* (*In re Neuman*), 71 B.R. 567, 573 (S.D.N.Y. 1987) (property of the estate); *In re Baldwin-United Corp.*, 57 B.R. 751, 757 (S.D. Ohio 1985) (disallowance of claim under Section 502 of Bankruptcy Code). BONY also ignores the authority from this Court granting the precise relief the Trustee seeks in the alternative here. See *Baldi v. Longview Aluminum*, 2002 WL 31834491, at *1 (N.D. Ill. Dec. 12, 2002) (referring adversary proceeding to Bankruptcy Court "until pre-trial matters and discovery have been completed") (Zagel, J.); *Union Carbide Corp. v. Viskase*

5

*Corp.* (*In re Envirodyne Indus., Inc.*), 1994 WL 654662, at *1-2 (N.D. Ill. Nov. 10, 1994) (Zagel, J.) (bankruptcy defenses should be decided by Bankruptcy Court).

For these reasons, the Trustee respectfully requests that the Court reconsider its June 20 Order granting BONY's motion to withdraw the reference in its entirety, or, in the alternative refer all matters to the Bankruptcy Court other than the non-Title 11 issues of federal law raised in the Motion to Withdraw the Reference.

Dated: July 3, 2008

Respectfully submitted,

FREDERICK J. GREDE, not individually but as Chapter 11 Trustee of Sentinel Management Group, Inc.


By:  s/ Chris C. Gair
     One of his attorneys

Chris C. Gair (ARDC # 6190781)
Vincent E. Lazar (ARDC # 6204916)
Jeffrey S. Eberhard (ARDC # 6276471)
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL  60611
Phone: (312) 222-9350
Facsimile: (312) 527-0484

6

**CERTIFICATE OF SERVICE**

      I, Jeffrey S. Eberhard, an attorney, certify that on July 3, 2008, I caused the foregoing Reply in Support of Motion to Reconsider Withdrawal of Reference to be served via ECF to:

Sean T. Scott
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
stscott@mayerbrown.com

and via electronic mail to:

Hector Gonzalez
Matthew D. Ingber
1675 Broadway
New York, NY 10019
(212) 506-2500
hgonzalez@mayerbrown.com
mingber@mayerbrown.com

                                                              s/ Jeffrey S. Eberhard