UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, as Chapter 11 Trustee for Sentinel Management Group, Inc., <br><br> Plaintiff, <br><br> v. <br><br> **THE BANK OF NEW YORK** and **THE BANK OF NEW YORK MELLON CORP.**, <br><br> Defendants. | Case No. 08 CV 2582 <br><br> Hon. James B. Zagel |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* MEMORANDUM

Two business days before this Court's expected ruling on The Bank of New York Mellon[1] ("BNY") and The Bank of New York Mellon Corp.'s motion to dismiss this case ("Motion to Dismiss"), the Commodity Futures Trading Commission ("CFTC") has attempted to file a brief of *amicus curiae*. The CFTC provides no explanation for why it delayed several months to file, why it should be permitted effectively to sandbag BNY by filing a brief to which BNY has no meaningful opportunity to respond, or why the brief is styled *amicus curiae*, given the CFTC's ongoing investigation of BNY and its strong and obvious alignment with the Trustee. Because the CFTC's brief is untimely, and because this Court has a longstanding practice of rejecting such "friend of a party" briefs at this stage of the litigation, the CFTC's motion should be denied.

---

[1] On July 1, 2008, The Bank of New York merged with Mellon Bank, N.A. to become The Bank of New York Mellon.

Though the decision of a district court whether to grant a motion to file an *amicus* brief is not governed by any statute or rule and is left to that court's discretion, such motions are controlled in the appellate courts by FRAP 29, "and in the absence of controlling authority district courts commonly refer to Rule 29 for guidance." *Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (citation omitted). "The concerns of necessity and timeliness which undergird [Rule 29] appear no less important in the district court than in the court of appeals." *Abu-Jamal v. Horn*, No. Civ. A. 99-5089, 2000 WL 1100784, at *5 (E.D. Pa. Aug. 7, 2007). Under Rule 29, the CFTC's brief would be untimely.

FRAP 29(e) provides that an "amicus curiae **must** file its brief . . . **no later than 7 days after the principal brief of the party being supported is filed**." (emphasis added). As the 1998 Advisory Committee Notes explain, this rule provides that the "opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading." Attempts to file *amicus* briefs in district courts are routinely rejected for failing to abide by this timeline. *See, e.g, In re Calpine Corp.*, No. Civ. 08-1286, 2008 WL 2462035, at *1 (S.D.N.Y. June 9, 2008) (on appeal from bankruptcy court) ("Owe waited over two months from the date Appellants' principal brief was due to motion the Court for leave to file a brief as amicus curiae and provides the Court with no explanation of why it should grant leave for such a delayed filing. Therefore, Owe's request to file an amicus curiae brief is DENIED.").

Like the putative *amicus* in *Calpine Corp.*, the CFTC provides no explanation for its delayed filing. There is none. This is not a case the CFTC heard about yesterday. The CFTC first appeared before the bankruptcy court in related proceedings almost one year ago, on August 24, 2007. *See* CFTC Entry of Appearance, *In re Sentinel Management Group*, Bankr. Pet. No.

07-14987 (Bankr. N.D. Ill.) (Squires, J.), Dkt. Entry No. 72 (filed Aug. 24, 2007).  On April 28, 2008, the CFTC filed a civil complaint against Sentinel and two of its principals, Eric A. Bloom and Charles K. Mosley.  *CFTC v. Sentinel Management Group, et al.*, No. 08-2410 (N.D. Ill.) (Kocoras, J.), Dkt. Entry No. 1 (filed Apr. 28, 2008).  BNY filed its memorandum in support of its motion to dismiss on May 2, 2008, and raised several arguments involving the interpretation of the Commodity Exchange Act ("CEA").  The Trustee filed his opposition on May 23, 2008.  Even if the CFTC wanted to weigh in only after this Court withdrew the reference, that occurred on June 20, 2008, *six weeks* before the CFTC attempted to file its brief.[2]  At no point during this protracted timeframe did the CFTC so much as indicate, to this Court or to BNY, that it was considering filing a brief.  The CFTC should have filed its brief no later than May 9, 2008, and its failure to do so is dispositive.

      Though the Federal Rules of Appellate Procedure do allow for a court to enlarge the time within which to file an *amicus* brief "***for good cause shown***" (FRAP 26(b), FRAP 29 1998 Advisory Committee Notes (emphasis added)), such an enlargement is only permissible if the opposing party has a meaningful opportunity to respond to that brief.  See FRAP 29(e) ("A court may grant leave for later filing, specifying the time within which an opposing party may answer."); *id.* 1998 Advisory Committee Notes ("[W]hen a court grants permission for later filing, ***the court must specify the period within which an opposing party may answer the arguments of the amicus***." (emphasis added)).  The CFTC has failed to state any cause whatsoever, let alone "good cause," for its late filing, and BNY is now deprived of any

---

[2]  It is worth noting that if the CFTC truly believed that interpretation of the CEA was important to this case, as it now claims, it should have filed a memorandum *amicus curiae* in support of BNY's motion to withdraw the reference.  The CFTC had every opportunity to weigh in on BNY's motion to withdraw the reference.  In any event, the CFTC said absolutely nothing while BNY's motion to dismiss was briefed and argued in the bankruptcy court.

meaningful opportunity to respond before this Court's ruling on the motion to dismiss. In short, this Court must not permit the CFTC to file a brief in the district court that indisputably would be barred in an appellate court.[3]

The CFTC's disregard for the timing requirements of FRAP 29 is especially glaring in light of this Court's repeated observation that district courts should apply *more stringent* standards to the submission of *amicus* briefs than those applied by appellate courts under FRAP 29. This Court's opinion in *Leigh v. Engle*, 535 F. Supp. 418 (N.D. Ill. 1982), is instructive. In *Leigh*, plaintiffs brought an action under the Employment Retirement Income Security Act of 1974. The Secretary of Labor sought leave to file an *amicus* memorandum at the summary judgment stage. Rejecting that request, the Court noted that the Secretary of Labor sought leave to file a brief in clear support of the plaintiffs, and observed that "this is not a memorandum *amicus curiae*, one filed as a friend of the court. In fact, to coin a Latin phrase, it is a memorandum *amicus petitor*, one proffered as friend of the plaintiff(s)." *Id*. at 422. While allowing the United States government to weigh in under FRAP 29 "may be useful in a

---

[3] Though this Opposition targets the procedural infirmities of the CFTC's motion for leave to file an amicus brief, we note briefly here that the CFTC's memorandum adds nothing to the Trustee's arguments, and its failure to address our Section 4d(b) argument or the cases BNY discussed in its briefs and at oral argument is a powerful statement that BNY's arguments are supported by the clear language of the CEA. Indeed, it is indisputable that Sentinel was a futures commission merchant ("FCM") in name only; it does not meet the statutory definition of an FCM. The plain language of the CEA states that only FCMs that meet that statutory definition and that receive customer funds are subject to the CEA's segregation requirements. Sentinel was not an FCM under the CEA, and did not receive "customer funds" as defined by the CEA, and so the CEA's segregation requirements unquestionably do not apply to it. This is the only plausible reading of the statute. *See also*, *e.g.*, BNY Mem. in Support of Mot. to Dismiss, at 11-15; 6/05/2008 Oral Arg't Hr'g Tr., 21:6-35:22. And as for the CFTC's novel theory of regulatory estoppel, BNY made no representations to any regulatory entity—in an administrative proceeding or otherwise—concerning Sentinel, and the Complaint alleges none. Thus, the *Chaveriat*, *Zapata Gulf Marine Corp.*, and *Simon Wrecking Co.* cases have nothing to do with the facts alleged here, and the CFTC's attempted reliance on them (CFTC Mem. at 9), is entirely misplaced. *See also* BNY Reply Mem. in Support of Mot. to Dismiss, at 8-9.

reviewing court where, usually, only issues of law are resolved; it is not proper in a trial court."

*Id.* This Court continued:

> It is not proper because it injects an element of unfairness into the proceedings now pending before this court. The defendants in this case are entitled to have their contentions and arguments on the summary judgment motions considered without having the weight of the United States, speaking through the Secretary of Labor, joining plaintiffs.

*Id. See also Mechmet v. Four Seasons Hotel, Ltd.*, No. 84 Civ. 7341, 1985 WL 766, at *1 (N.D. Ill. April 25, 1985) (denying various motions to file briefs of *amicus curiae* and noting that "we should be reluctant to hear from amici where, as here, one party objects and the amici are so strongly aligned with the other side such that that side can, in effect, file multiple briefs in support of its position") (citation omitted); *Tiara Corp. v. Ullengerg Corp.*, No. 87 Civ. 405, 1987 WL 16612, at *1-*2 (N.D. Ill. Sept. 1, 1987) (same).[4]

Here, not only does the CFTC attempt precisely what the Secretary of Labor attempted in *Leigh*—to throw the weight of the United States government behind one side before a trial has even occurred—but the CFTC is far from a disinterested party. As BNY disclosed in its quarterly report filed pursuant to the Securities Exchange Act of 1934 for the period ending March 31, 2008, "in January 2008, BNY learned that the [CFTC] opened an investigation that includes a review of Sentinel's relationship with BNY." The Bank of New York Mellon Corp. Form 10-Q For the Quarterly Period Ended March 31, 2008 (May 9, 2008), at 85. The CFTC never discloses this investigation to the Court, but it is clear that a ruling for the Trustee in this case could aid the CFTC in any future action against BNY. The CFTC's motion and

---

[4] Though allowing parties closely allied with litigants to file *amicus* briefs is accepted practice at the appellate level, the Seventh Circuit has been critical of this approach. *See, e.g., Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigants' brief. Such amicus briefs should not be allowed. They are an abuse. The term 'amicus curiae' means friend of the court, not friend of a party.").

accompanying brief constitute an attempt to undermine BNY's right to present its arguments and respond to counterarguments. The motion should be denied.

## CONCLUSION

For all the foregoing reasons, the CFTC's motion for leave to file an *amicus curiae* memorandum must be DENIED.

Dated: August 4, 2008

Respectfully submitted,

**THE BANK OF NEW YORK and**
**THE BANK OF NEW YORK MELLON CORP.**

By:   /s/ Sean T. Scott
Sean T. Scott (ARDC #6273516)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

Brian Trust (admitted *pro hac vice*)
Hector Gonzalez (admitted *pro hac vice*)
Matthew D. Ingber (admitted *pro hac vice*)
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

**CERTIFICATE OF SERVICE**

Sean T. Scott, an attorney, hereby certifies that on the 4th day of August, 2008, he caused to be served, via email, a true and correct copy of the **MEMORANDUM OF LAW IN OPPOSITION TO THE COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR LEAVE TO FILE AMICUS CURIAE MEMORANDUM** upon (i) Chris Gair, J. Kevin McCall, Daniel Murray, Catherine Steege and Vincent E. Lazar, Jenner & Block, LLP, 330 N. Wabash Avenue, Chicago, IL 60611-7603, cgair@jenner.com, vlazar@jenner.com; jmccall@jenner.com; dmurray@jenner.com; and csteege@jenner.com; (ii) Frederick J. Grede, Chapter 11 Trustee, c/o Jenner & Block, LLP, 330 N. Wabash Avenue, Chicago, IL 60611-7603, c/o cgair@jenner.com; (iii) Roman Sukley, US Trustee's Office, Dirksen Federal Court House, 219 South Dearborn Street, Room 873, Chicago, IL 60604, Roman.L.Sukley@usdoj.gov; (iv) Mark Berkoff and Marc Fenton, DLA Piper US LLP, 203 North LaSalle Street, Suite 1900, Chicago, Illinois 60601-1293, marc.fenton@dlapiper.com and mark.berkoff@dlapiper.com; and (v) Susheel Kirpalani and Benjamin Finestone, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue 22nd Floor, New York, New York 10010, susheelkirpalani@quinnemanuel.com and benjaminfinestone@quinnemanuel.com. Mr. Scott further certifies that on the 4th day of August, 2008, he caused to be served, via facsimile and first class mail, of the **MEMORANDUM OF LAW IN OPPOSITION TO THE COMMODITY FUTURES TRADING COMMISSION'S MOTION FOR LEAVE TO FILE AMICUS CURIAE MEMORANDUM** upon Martin B. White, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st St., NW, Washington, DC 20581, facsimile number (202) 418-5124. Registered members of the Court's CM/ECF system that are participants in these proceedings received electronic notice of this filing.

Dated: August 4, 2008         /s/ Sean T. Scott
                              Sean T. Scott, Esq.