**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE TRUSTEE**

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK J. GREDE**, as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 08 C 2582 |
| v. | ) ) | |
| **THE BANK OF NEW YORK** and **THE BANK OF NEW YORK MELLON CORP.**, | ) ) ) ) | Honorable James B. Zagel |
| Defendants. | ) ) | |

## DEFENDANTS' SECOND SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND
## ELECTRONICALLY STORED INFORMATION TO THE TRUSTEE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants The Bank of New York and The Bank of New York Mellon Corp. ("BNY" or "Defendants") request that plaintiff Frederick J. Grede, as Liquidation Trustee for the Sentinel Liquidation Trust ("Plaintiff" or the "Trustee"), produce for inspection and copying, or cause to be copied, the documents described below. Plaintiff shall make such production within thirty (30) days after service of these requests, at the office of Mayer Brown LLP, 1675 Broadway, New York, New York, 10019, in accordance with the Federal Rules of Civil Procedure, and in compliance with the Definitions and Instructions set forth below.

### Definitions

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure shall apply to the requests herein and are incorporated as if fully set forth herein.

2.    "Sentinel" means Sentinel Management Group, Inc. and/or (a) all of its affiliates, divisions, units, successor and predecessor entities, subsidiaries, parents, and assigns, including, but not limited, to Sentinel Investment Group, Inc., Sentinel Financial Services, Inc., Sentinel Management International, Ltd., Fountainhead Investments, Inc., and Sentinel Asset Management; (b) all of its present and former officers, directors, agents, employees, representatives, accountants, investigators, and attorneys; (c) any other person acting or purporting to act on its behalf; or (d) any other person otherwise subject to its control, which controls it, or is under common control with it.

3.    "Trustee," "you," or "your" means Frederick J. Grede as Liquidation Trustee for the Sentinel Management Liquidation Trust, including his accountants, agents, assigns, attorneys consultants, or any other individual or entity engaged by the Trustee to assist him in his role as Trustee.

4.    "BNY" means defendants The Bank of New York and The Bank of New York Mellon Corp.

5.    "Investigation" means the Trustee's investigation of the bankruptcy of Sentinel, including but not limited to the Trustee's efforts to understand Sentinel's business model, the Trustee's efforts to understand Sentinel's relationship with BNY, and the Trustee's discussions, meetings, or other communications with the individuals employed by Sentinel.

6.    "Complaint" means the complaint originally filed by then Plaintiff Frederick J. Grede, as Chapter 11 Trustee for Sentinel Management Group, Inc., in the Bankruptcy Court in the Northern District of Illinois on March 3, 2008, that was transferred to this Court on June 20, 2008, and was renamed Frederick J. Grede as Liquidation Trustee of the Sentinel Liquidation Trust v. The Bank of New York et al., on January 21, 2009.

7.     "Trustee's Opposition Brief" means the Trustee's Memorandum of Law in Opposition to BONY's Motion to Dismiss that was filed on May 23, 2008.

8.     "Ruling on BNY's Motion to Dismiss" refers to the opinion issued by Judge Zagel on January 27, 2009.

9.     "Petition Date" means August 17, 2007, the date that Sentinel filed for Chapter 11 bankruptcy protection in the Bankruptcy Court in the Northern District of Illinois, Case No. 07B 14987.

10.     "SEC" refers to the United States Securities and Exchange Commission, as well as any directors, officers, employees, agents or authorized representatives of the SEC.

11.     "CFTC" refers to the Commodity Futures Trading Commission, as well as any directors, officers, employees, agents or authorized representatives of the CFTC.

12.     "NFA" refers to the National Futures Association, as well as any directors, officers, employees, agents or authorized representatives of the NFA.

13.     "U.S. Attorney" and "U.S. Attorney's Office" refer to the United States Attorney's Office for the Northern District of Illinois, as well as any directors, officers, employees, agents or authorized representatives of the U.S. Attorney or the U.S. Attorney's Office.

14.     "Communication" shall be interpreted in the broadest sense allowed by Federal Rule 26, and means the transmittal of any information (in the form of facts, ideas, inquiries or otherwise).

15.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, electronic chats, email communications from

personal email accounts, other electronically stored information from personal computers, and hard copy documents maintained in your personal files.

16.    "Person(s)" means any natural person or any business, legal or governmental entity or association.

17.    "Concerning" means relating to, referring to, describing, regarding, evidencing or constituting.

18.    All phrases following the terms "including," "including, but not limited to" and "including without limitation" are intended to illustrate the kind of information responsive to each request herein. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the requests.

19.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests herein all documents that might otherwise be construed outside of its scope.

20.    The term "any" includes "all" and "each," an the term "all" includes "any," and the term "each" includes "every."

21.    References to the singular shall include the plural and vice versa.

22.    The term "between" means "among" and vice-a-versa. The past tense includes the present tense, and vice-a-versa, when the clear meaning is not distorted by changing tense.

23.    To the extent these requests employ terms used in the Complaint, such use is without prejudice to the rights of BNY to contest such terms.

## **INSTRUCTIONS**

1.    Unless otherwise indicated, the time period covered by these requests is August 17, 2007 through the present.

2.     The parties will meet and confer regarding the format in which electronically stored information will be produced. Electronically stored information should be produced in the format that the parties agree upon. In the event that the parties cannot reach agreement on a format for the production of electronically stored information, BNY will specify a format and you should produce electronically stored information in that format.

3.     If you have no documents or information responsive to a particular request, please so state.

4.     If you decline to produce any of the documents or information requested hereunder, in full or in part, upon the ground of privilege, furnish a list identifying each such document for which such claim is asserted. You are requested to state the following with respect to each document:

(a)     the nature of the privilege being asserted (including work product), and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state and its privilege rule that is being invoked;

(b)     the nature of the document or information (e.g., letter, memorandum, notes, etc.);

(c)     a summary of the subject matter of the document or information;

(d)     the date of the document or information; and

(e)     the author(s) and recipient(s) of the document or information.

5.     Notwithstanding the assertion of your claim of privilege, any requested document which you object to producing but which also contains non-privileged matter which is responsive

to this request must be produced, but that portion of the document for which privilege is asserted must be redacted, provided that the above-requested information is furnished.

6.     If you object to or otherwise decline to answer any portion or aspect of a request for production, provide all information requested by the remainder of the request and state with particularity the nature of and complete factual basis for such objection. If you object to a request for production for the reason that it is too broad, provide all information that you concede is relevant. If you object to a request for production on the ground that to provide an answer would constitute undue burden, provide all requested information that can be supplied without undertaking the alleged undue burden. If you are providing less than a complete response to any request, your written response should clearly indicate any limitation on your production.

7.     These requests require you to produce all documents and electronically stored information in your "possession, custody, or control" within the broadest meaning of that phrase permitted by the Federal Rules of Civil Procedure, including documents and electronically stored information in the possession, custody, or control of your agents, brokers, representatives, subsidiaries, attorneys, accountants, or any other person acting or purporting to act on your behalf or under your direction or control. If documents and electronically stored information called for in any request cannot be produced in full after exercising due diligence to secure them, you should so state and specify why the requested documents or information cannot be produced.

8.     Documents and electronically stored information sought in this request include information currently or previously within your possession, custody, or control, as well as information which comes into your possession, custody, or control subsequent to service hereof. If any document or electronically stored information responsive to a request has been lost, destroyed or otherwise disposed of, furnish a list identifying each such document or

electronically stored information and stating the following information with respect to each document or electronically stored information:

    (a)    the nature of the document or information (e.g., memorandum, letter, computer printout, etc.) and its contents;

    (b)    the persons who prepared or authored the document or information, and, if applicable, the persons to whom the document or information was sent or to whom the contents of the document were divulged;

    (c)    the date on which the document or information was prepared or transmitted;

    (d)    the location of any copies of the document or information;

    (e)    the date on which the document or information was lost, destroyed or otherwise disposed of;

    (f)    the name of the person who ordered or authorized the destruction;

    (g)    he conditions of and reasons for such destruction or disposition of the document or information, including but not limited to, any documents and electronically stored information existing at the time of such loss or destruction setting forth or concerning any policy or procedure then in effect for destruction or retention of documents and electronically stored information; and

    (h)    the identity of any and all person(s) having knowledge or who had knowledge of the contents thereof.

9.    If, in answering any of these requests, any ambiguity in construing either the request or a definition or instruction relevant to the inquiry contained within the request is

encountered, identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the request.

10.    Each request is to be answered separately and as completely as possible. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

11.    Each request herein for documents or information to be propounded contemplates production of the document or information in its entirety without abbreviations or expurgation. Each and every non-identical copy of a document (whether different from the original because of stamps, indications of receipt, handwritten notes, marks, attachment to different documents or any other reason) is a separate document to be produced.

12.    The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request based on the knowledge and information currently available.

13.    Where responsive documents or electronically stored information are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide the non-English information and its English translation.

14.    Each request that seeks documents and electronically stored information concerning communications to, from, or within a business or a corporate entity, is hereby designed to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers, and servants of the business or corporate entity.

15.     When any request calls for the production of any portion of any document, the entire document containing any such portion must be produced.

16.     In producing documents, all documents that are physically attached to each other in files shall be made available in that form regardless of whether the attached documents are otherwise requested herein. Documents that are segregated or separated from other documents whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method shall be made available in that form.

17.     These requests are deemed to be continuing in nature and in the event that you become aware of or acquire possession, custody or control of additional responsive documents or electronically stored information subsequent to the production of your initial responses hereto, you are requested promptly to inform counsel for BNY and required to produce such additional information in accordance with Rule 26 of the Federal Rules of Civil Procedure.

18.     BNY reserves the right to propound additional document requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

1.     All documents and communications concerning the Investigation.

2.     All reports, summaries and memoranda drafted in connection with the Investigation.

3.     All documents identified in any report, summary or memoranda drafted in connection with the Investigation.

4.     All communications between the Trustee and former employees of Sentinel, including, but not limited to, all individuals employed by Sentinel on the Petition Date, regarding the Investigation.

5.      All communications between or among the Trustee and any local, state, or federal agency, including, but not limited to the CFTC, SEC, NFA and the U.S. Attorney's Office, and all documents provided to any local, state, or federal agency regarding the Investigation.

6.      All documents, reports and memoranda related to the Trustee's assertion in paragraph 22 of the Complaint that "[t]here were at all relevant times one or more officers and employees of Sentinel who were not part of the Sentinel Insiders' scheme."

7.      All documents, reports or memoranda related to the Trustee's assertion in paragraph 101 of the Complaint that "the conduct described in paragraphs 102-167 [of the Complaint] were undertaken at the instance of the Sentinel Insiders and were adverse to the interests of the company."

8.      All documents that you intend to rely upon to support your assertion that the loan provided by BNY to Sentinel served no corporate purpose. *See* Trustee's Opposition Brief, pages 36-37; Ruling on BNY's Motion to Dismiss, pages 18-19.

9.      All documents that you intend to rely upon in connection with the *Wagoner* Rule or the *in pari delicto* defense. *See* Trustee's Opposition Brief, pages 36-37; Ruling on BNY's Motion to Dismiss, pages 18-19.

Dated:  February 20, 2009

THE BANK OF NEW YORK and
THE BANK OF NEW YORK MELLON CORP.

By: _____

Hector Gonzalez
Matthew D. Ingber
MAYER BROWN LLP
1675 Broadway
New York, New York  10019
(212) 506-2500

Sean T. Scott
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL  60606
(312) 782-0600

11

## CERTIFICATE OF SERVICE

I, Rebecca S. Kahan, an attorney, hereby certify that on this 20th day of February 2009, I caused a true and correct copy of the attached *Defendants' Second Set of Requests For The Production Of Documents And Electronically Stored Information To The Trustee* to be served via e-mail upon counsel for the Trustee, with permission, at the following email addresses:

*jkinney@jenner.com*
*cgair@jenner.com*
*rblazejowski@jenner.com*

Rebecca S. Kahan