**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE TRUSTEE**

# Exhibit F

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrown.com

April 8, 2009

**BY E-MAIL**

**Paula Garrett Lin**
Direct Tel (212) 506-2215
Direct Fax (212) 849-5985
plin@mayerbrown.com

Robert J. Blazejowski, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603

Re: *Frederick J. Grede v. The Bank of New York et al.*,
Case No. 08 C 2582

Dear Rob:

I write to confirm certain issues that we discussed during our March 31, 2009 telephonic meet and confer regarding the Trustee's responses and objections to (i) Defendants' Second Set of Requests for Production of Documents and Electronically Stored Information to the Trustee (the "Document Requests" or "Requests"), and (ii) Defendants' First Set of Interrogatories to the Trustee (the "Interrogatories").

With respect to our Document Requests, I reminded you that in his ruling on BNY's motion to dismiss, Judge Zagel instructed the parties that they should address the *Wagoner* Rule promptly, and directed that "[t]he discovery with respect to this will lie primarily, if not entirely, against Sentinel's trustee and, in light of the Trustee's investigation of Sentinel's affairs." *Grede v. BNY*, No. 08 C 2582 (N.D. Ill. Jan. 27, 2009) (memorandum opinion and order) at 19. We also are entitled to the documents sought by the Requests under the Federal Rules of Civil Procedure and by relevant case law. *See, e.g., Granite Partners, L.P. v. Bear Stearns*, 184 F.R.D. 49, 56 (S.D.N.Y. 1999) (compelling trustee to produce documents obtained and created by trustee and his retained professionals during investigation of debtor funds, including notes of witness interviews, valuations and analyses of securities owned by the funds and documents collected by third parties); *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 04 Civ. 2271, 2006 U.S. Dist. LEXIS 90970, *11 (S.D.N.Y. Dec. 13, 2006) ("Investigatory reports and materials are not protected by the attorney-client privilege or the work-product doctrine merely because they are provided to, or prepared by, counsel.").

Although the Trustee has, to date, refused to produce a single document in response to the Document Requests, neither you nor your colleague were prepared to offer even the most basic information in support of your claims to privilege and work product protection.[1] We are,

---

[1] For example, with respect to interviews conducted by the Trustee in connection with his investigation of Sentinel, you were unable or unwilling to answer questions as basic as, *inter alia*, which Sentinel employees were interviewed, who was in attendance at these interviews, who were among the

(cont'd)

Mayer Brown LLP operates in combination with our associated English limited liability partnership and Hong Kong partnership (and its associated entities in Asia).

Robert J. Blazejowski, Esq.
April 8, 2009
Page 2

of course, entitled to evaluate your claims of privilege and work product protection, and your inability or unwillingness to provide a single substantive response to my questions did not constitute a good faith effort on your part to resolve our discovery dispute without court intervention pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37.2.

We believe we are entitled to, at a minimum, the following materials from the Trustee's investigation of Sentinel's affairs:

- factual materials generated during the investigation, including but not limited to, interview memoranda, reports, and analyses drafted in connection with the investigation (and any documents identified or referenced in these materials);

- communications with government agencies or other third parties with respect to the Trustee's investigation;

- materials in the possession of the Trustee that Navigant relied upon to draft the Declaration of David Moes;

- documents reflecting communications between the Trustee and former employees of Sentinel; and

- the Trustee's analyses with respect to the *Wagoner* Rule or the *in pari delicto* defense.

You have failed to meet your burden of demonstrating to us that any of these materials are covered by any applicable privilege or protection.[2]

---

(… cont'd)

recipients of the Trustee's interview memoranda, and whether the interviews formed the basis of any statements made in the Declaration of David Moes, *Grede v. Bloom*, Adv. No. 07-00981 (Bankr. N. D. Ill. Oct. 12, 2007), Doc. 7.

And when you asserted the "common interest doctrine" in response to my inquiry about Document Request 5, you were unwilling or unable to identify, *inter alia*, the agency or agencies with whom you assert the doctrine, whether this purported common interest is memorialized in any agreements, whether any of the agencies with whom you claim to have a common interest is even aware you are claiming this doctrine, or the scope of this purported common interest with respect to any agency. Moreover, even though you claim that "government agencies have expressed their grave concerns regarding the propriety of [Request No. 5]," you refused to identify which agencies are concerned, or provide any details regarding the scope or nature of their concern.

[2] To the extent you continue to assert a privilege over any of these documents, we expect that you will provide a privilege log identifying (i) the nature of the privilege being asserted, (ii) the nature of the

(cont'd)

17563148

Robert J. Blazejowski, Esq.
April 8, 2009
Page 3

\* \* \*

With respect to the Interrogatories, you agreed to provide the most recent contact information for Paul Bjarnason, whom you identified in your response to Interrogatory No. 3. Please do so by Monday, April 13, 2009.

I reminded you that with respect to Interrogatory No. 9, BNY is entitled to information on damages as early as in the Trustee's initial disclosures to BNY. See Fed. R. Civ. P. 26(a)(1)(A). At a minimum, we are entitled to an initial estimate of the Trustee's claimed damages, as well as some analysis of how the relevant facts lead to that dollar figure. *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 542 (Bankr. D. Del. 2006) (requiring plaintiff to disclose the best information available to it regarding its damages claim notwithstanding that estimate of damages may be subject to revision with expert testimony); *see also Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, 97 C 4278, 2004 U.S. Dist. LEXIS 5543, at \* (N.D. Ill. Mar. 31, 2004) (barring plaintiffs from presenting evidence of its damages at trial because plaintiff failed to produce any evidence in discovery that would allow a trier of fact to determine the existence or extent of its damages). That this information may be the subject of expert testimony is not a basis for refusing to provide it to BNY. You indicated that you will consider whether to amend your initial disclosures, and we renew our request for a substantive response to Interrogatory No. 9.

\* \* \*

Please let me know whether you are available for a meet and confer to address the Document Requests and Interrogatory No. 9 on Monday, April 13, 2009 or Tuesday, April 14, 2009 at 2 p.m. EDT. We will expect that you will be prepared to justify your claims to privilege and work product protection or else negotiate with us regarding the documents sought by the Document Requests.

Very truly yours,

*Paula G Lin* /RSK

Paula Garrett Lin

cc: Rebecca Kahan, Esq.
Melissa Wills Criger, Esq.

---

(... cont'd)

document, (iii) a summary of the document's subject matter, (iv) the date of the document, and (v) the author(s) and all recipients of the document.

17563148