**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE TRUSTEE**

# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust,<br><br>        Plaintiff,<br>v.<br><br>**THE BANK OF NEW YORK** and **THE BANK OF NEW YORK MELLON CORP.**,<br><br>        Defendants. | Case No. 08 C 2582<br><br>Honorable James B. Zagel |

**TRUSTEE'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Frederick J. Grede, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust (the "Trustee"), by his attorneys, responds to the defendants The Bank of New York and The Bank of New York Mellon Corp. ("BONY" of "Defendants") Second Set of Requests for Production of Documents (the "Requests") as follows.

**GENERAL RESPONSES AND OBJECTIONS**

1.    The Trustee has not completed his fact investigation, discovery or preparation for trial in this action. Accordingly, these responses are based only upon information and documents that are presently available and specifically known to the Trustee. The Trustee reserves the right to modify or supplement his responses.

2.    The Trustee objects to the Requests to the extent they seek to impose discovery obligations on the Trustee beyond those specified in the Federal Rules of Civil Procedure, the Rules of the United States District Court for the Northern District of Illinois, and all applicable local rules or orders of this Court.

3. The Trustee objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, and seek documents that are neither relevant nor likely to lead to the discovery of admissible evidence. By responding to the Requests or any part thereof, the Trustee does not concede admissibility or relevance to this litigation.

4. The Trustee objects to the Requests to the extent they seek documents or communications protected by the attorney-client privilege, the work-product doctrine, or any other evidentiary and/or discovery privilege recognized at law. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, any attorney work-product protection, or any other applicable privilege or doctrine. Regarding each document request, the Trustee will not provide documents which are privileged or otherwise protected from discovery at law.

5. The Trustee objects to Instruction No. 4 to the extent it would require the Trustee to provide a privilege log identifying hundreds of thousands of case-related communications by, among, or between trial counsel and consultants and case-related work product or any other document reflecting the mental impressions or work requested or performed by trial counsel. The Trustee will not provide a privilege log covering case-related work product or communications because such a request is harassing, excessive, and improper and imposes an unduly burdensome and expensive obligation on the Trustee.

6. The Trustee objects to the Requests on the grounds that the documents or communications are neither relevant nor likely to lead to the discovery of admissible evidence and impose an unduly burdensome obligation on the Trustee to the extent the Requests seek communications and documents created or prepared after August 17, 2007 through the present.

7. The Trustee objects to the Requests to the extent they seek production of documents that are already in Defendants' possession, custody or control, that are publicly available, or that are otherwise equally available to Defendants.

8. The Trustee objects to any request to the extent it seeks the production of "all" documents on the grounds that such a request is overbroad, to the extent such discovery is unreasonably cumulative or duplicative, and to the extent such a request imposes an unduly burdensome and expensive obligation on the Trustee to search for, gather, and produce information whose relevance, if any, is far outweighed by the cost and burden on the Trustee.

9. The Trustee's responses to the Requests are made subject to any and all objections to relevance, materiality and admissibility that would require the exclusion at trial of any statement or document produced in response to the Requests. The Trustee reserves his right to interpose any such objections at trial.

10. In responding to the Requests, the Trustee has interpreted Defendants' words and phrases in accordance with their usual definitions and usages.

11. Any statement herein that the Trustee will respond to a particular document request does not indicate and should not be construed as an agreement by the Trustee as to the truth or accuracy of any of Defendants' characterizations of fact or law, the factual expressions or assumptions contained in the request, the propriety of the request, or the relevance or admissibility of the documents produced.

12. These General Responses and Objections are incorporated by reference into each of the specific responses below as if fully set forth herein.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

1. All documents and communications concerning the Investigation.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 1 to the extent it seeks documents or communications protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 1 because it is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks documents and communications after August 17, 2007.

2. All reports, summaries and memoranda drafted in connection with the Investigation.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 2 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 2 because it is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks documents created or prepared after August 17, 2007.

3. All documents identified in any report, summary or memoranda drafted in connection with the Investigation.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 3 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 3 because it is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks documents created or prepared after August 17, 2007.

4.   All communications between the Trustee and former employees of Sentinel, including, but not limited to, all individuals employed by Sentinel on the Petition Date, regarding the Investigation.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 4 to the extent it seeks documents or communications protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 4 because it is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks communications after August 17, 2007.

5.   All communications between or among the Trustee and any local, state, or federal agency, including, but not limited to the CFTC, SEC, NFA, and the U.S. Attorney's Office, and all documents provided to any local, state, or federal agency regarding the Investigation.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 5 to the extent it seeks documents or communications protected by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 5 because it is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks communications after August 17, 2007. Further responding, the Trustee has conferred with one or more of the government agencies investigating matters relating to Sentinel regarding this Request. Those government agencies have expressed their grave concerns regarding the propriety of this Request and its effect on the integrity of their investigations and have indicated that they oppose the Request. In light of these concerns, the Trustee objects to this Request.

6.   All documents, reports and memoranda related to the Trustee's assertion in paragraph 22 of the Complaint that "[t]here were at all relevant times one or more officers and employees of Sentinel who were not part of the Sentinel Insiders' scheme."

5

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 6 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 6 because it is premature, vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks documents created or prepared after August 17, 2007.

7. All documents, reports or memoranda related to the Trustee's assertion in paragraph 101 of the Complaint that "the conduct described in paragraphs 102-167 [of the Complaint] were undertaken at the instance of the Sentinel Insiders and were adverse to the interests of the company."

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 7 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 7 because it is premature, vague and ambiguous, overbroad and unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks documents created or prepared after August 17, 2007.

8. All documents that you intend to rely upon to support your assertion that the loan provided by BNY to Sentinel served no corporate purpose. *See* Trustee's Opposition Brief, pages 36-37; Ruling on BNY's Motion to Dismiss, pages 18-19.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee further objects to Request No. 8 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 8 because it is premature, vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to

lead to the discovery of admissible evidence to the extent it seeks documents created or prepared after August 17, 2007.

9. All documents that you intend to rely upon in connection with the *Wagoner* Rule or in the *in pari delicto* defense. *See* Trustee's Opposition Brief, pages 36-37; Ruling on BNY's Motion to Dismiss, pages 18-19.

**RESPONSE:** In addition to the General Responses and Objections, the Trustee objects to Request No. 9 to the extent it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, law or rule. The Trustee further objects to Request No. 9 because it is premature, vague and ambiguous, overbroad and unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks documents created or prepared after August 17, 2007.

Dated: March 23, 2009

Respectfully submitted,

FREDERICK J. GREDE, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust,

By: _____
One of his attorneys

John F. Kinney (ARDC # 1467867)
Chris C. Gair (ARDC # 6190781)
Vincent E. Lazar (ARDC # 6204916)
Robert J. Blazejowski (ARDC # 6274588)
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
Phone: (312) 222-9350
Facsimile: (312) 527-0484

7

## CERTIFICATE OF SERVICE

I, Melissa W. Criger, hereby certify that on March 23, 2009 I caused a copy of the foregoing **TRUSTEE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be served via electronic mail upon:

Sean T. Scott
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
stscott@mayerbrown.com

and

Hector Gonzalez
Matthew D. Ingber
Rebecca S. Kahan
1675 Broadway
New York, NY 10019
(212) 506-2500
hgonzalez@mayerbrown.com
mingber@mayerbrown.com
rkahan@mayerbrown.com

*/s/ Melissa W. Criger*