**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE TRUSTEE**

# Exhibit H

**JENNER&BLOCK**

April 24, 2009

Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel 312-222-9350
www.jenner.com

Chicago
New York
Los Angeles
Washington, DC

**VIA EMAIL DELIVERY**

Paula Garrett Lin
Mayer Brown LLP
1675 Broadway
New York, NY 10010-5852

Robert J. Blazejowski
Tel 312 840-7222
Fax 312 840-7322
rblazejowski@jenner.com

Re: **Grede v. The Bank of New York et al.**

Dear Paula:

I write in response to your April 8, 2009 letter regarding the Trustee's responses and objections to Defendants' Second Set of Requests for Production of Documents and Electronically Stored Information ("Document Requests"), and in furtherance of our recent meet and confer discussions on this topic.

As we have discussed, we believe that we have a fundamental disagreement regarding the nature and scope of discovery permitted under the Federal Rules of Civil Procedure, and the discovery contemplated by Judge Zagel in his January 27, 2009 ruling. As an initial matter, we do not construe Judge Zagel's reference to discovery in the context of the *Wagoner* Rule or *in pari delicto* defense as granting BONY *carte blanche* discovery of the Trustee's work product and confidential communications.

Without prejudice to any other objections we raise in our responses to the Document Requests, or arguments we may raise in any motion for protective order or response to motion to compel, we object to the Document Requests on two primary grounds. First, the Document Requests seek information that is not relevant to any claims or defenses in this action. Second, the Documents Requests seek to invade the mental thought processes of the Trustee's attorneys and seek information that is protected by the attorney-client privilege and other privileges recognized at law, including the government investigative privilege and the common interest doctrine.

The Federal Rules of Civil Procedure and relevant case law do not permit discovery of non-relevant information. The Document Requests primarily seek non-relevant information because any document responsive to the Document Requests would have necessarily been generated after Sentinel's bankruptcy. Indeed, in the absence of an indication from the discovering party concerning the nature and value of information generated after the initiation of litigation, courts have been, and will continue to be, likely to deny discovery of such information. *See* 6 Moore's Federal Practice § 26.41[12] (3d ed.).

Similarly, the Federal Rules of Civil Procedure and relevant case law do not permit discovery of attorney work product—documents prepared by or for a party in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); *see also In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d

Paula Garrett Lin
Page 2

Cir. 2003) (work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.").

In your April 8 letter, you identified five main categories of materials BONY believes it is entitled to receive regarding the Trustee's investigation. We respond to each category below.

Category #1: BONY requests all factual materials generated during the Trustee's investigation, including interview memoranda, reports and analyses.

The Trustee's interview memoranda, reports and analyses are trial preparation materials and opinion work product because they are prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3) (party may not obtain discovery of documents prepared in anticipation of litigation or trial); *Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 151 (D. Mass. 1986) (attorney's notes of interviews with client's employees taken during investigation of government antitrust probe were protected by work product doctrine); *Trustee of Plumbers and Steamfitters Local Union No. 43 v. Crawford*, 573 F. Supp. 2d 1023, 1028, n.3 (E.D. Tenn. 2008) (notes taken by attorneys during interviews are typically covered by work product doctrine); *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 90 C 7127, 1993 WL 11885 (N.D. Ill. Jan. 19, 1993) (interview memoranda containing thoughts and mental impressions of attorney and which are not verbatim transcripts of the interview are protected).

In his initial disclosures and responses to BONY's First Set of Interrogatories No. 4, the Trustee has disclosed the identity of persons with information relevant to the parties' claims and defenses, including the names of the officers, directors, and/or employees of Sentinel who were not part of the leveraging scheme by certain Sentinel insiders. Accordingly, if BONY wants to discover any factual information from these individuals, you should seek to interview them yourself or notice them for deposition. Likewise, BONY has access to the same documents as the Trustee and can conduct its own factual analyses based on those documents.

Category #2: BONY requests communications with government agencies or other third parties concerning the Trustee's investigation.

The Trustee's communications with government agencies, including the CFTC, SEC, and Department of Justice, are part of ongoing government investigations, and disclosure of this information could impair the agencies' investigations. Indeed Mr. Gonzales implicitly recognized this exact point when he stated at Joseph Ciacciarelli's deposition that Mr. Ciacciarelli would not answer questions relating to the CFTC's investigation of BONY. (Ciacciarelli Tr. at 209.)

In any event, the Trustee has been instructed by the CFTC that responding to BONY's requests would be improper. The SEC has told us that a formal position will be forthcoming but they believe that at least some documents that would be responsive are privileged. Indeed, the Trustee's communications with government agencies properly fall within the scope of the government privilege or investigatory law enforcement privilege. *See e.g., In re United Telecommunications, Inc. Sec. Litig.*, 799 F. Supp. 1206, 1209 (D.D.C. 1992) (SEC, which had

Paula Garrett Lin
Page 3

been investigating defendant for possible securities violations, was not required to disclose documents on grounds of investigatory law enforcement privilege). Moreover, the Trustee's communications with government agencies are the Trustee's work product and any protection over those communications is not waived given that the Trustee and the government agencies share common interests against a common adversary.

Category #3: BONY requests the materials that Navigant relied upon to draft the Declaration of David Moes.

The Trustee has already produced all exhibits that were relied upon and attached to the Declaration of David Moes.

Category #4: BONY requests documents reflecting communications between the Trustee and former employees of Sentinel.

To the extent this request seeks to discover the identity of persons that the Trustee has chosen to contact during the course of his investigation, this request seeks information protected by the attorney work-product doctrine. To the extent this request includes interview memoranda of Sentinel employees, we have explained the Trustee's position with respect to interview memoranda above.

Category #5: BONY requests the Trustee's analyses with respect to the *Wagoner* Rule or the *in pari delicto* defense.

This request appears to seek legal memoranda reflecting counsel's mental impressions, opinions and legal conclusions—classic attorney work product. Such opinion work product is shielded from discovery. Fed. R. Civ. P. 26(b)(3). The Trustee has already disclosed the identity of the officers, directors, and/or employees of Sentinel who were not part of the leveraging scheme perpetrated by certain Sentinel insiders. Accordingly, if BONY wants to discover any factual information from these individuals, you should seek to interview them yourself or notice them for deposition. Likewise, BONY has access to the same documents as the Trustee. BONY can conduct its own factual analyses on this point.

\* \* \*

During our meet and confer discussions, you asked us to address any potential "waiver issues" relating to any material that the Trustee has shared with either Navigant or certain government agencies. Our position regarding any communications that the Trustee may have had with the government is addressed above.

With regard to Navigant, as you well know, work product protection extends to any materials prepared in anticipation of litigation by or for *a party or its representatives*, which includes an attorney's agents or consultants. Fed. R. Civ. P. 26(b)(3); *see e.g., In re Cendant*, 343 F.3d at 662-63 (work product protection "extends beyond materials prepared by an attorney to include materials prepared by an attorney's agents and consultants."); *In re ContiCommodity Servs., Inc.*

Paula Garrett Lin
Page 4

*Sec. Litig.,* 123 F.R.D. 574 (N.D. Ill. 1988) (work product doctrine protects documents prepared by accountant as agent for lawyer). Navigant is the Trustee's consultant, and any materials that the Trustee has shared with Navigant or documents that Navigant has prepared in anticipation of litigation are shielded from discovery under the work product doctrine. If David Moes is designated as a testifying expert in this case, we can revisit this issue.

If you would like to further discuss these issues, we are available for a meet and confer on Wednesday, April 29 or Thursday April 30.

Very truly yours,

Robert J. Blazejowski

cc:  John F. Kinney
     Chris C. Gair

1756859.1